[No. 22260. Department One. March 25, 1930.]

A. T. HAVILL, *Appellant*, v. UNITED STATES BOND AND MORTGAGE COMPANY, *Respondent*.[1]

[1]Reported in 285 Pac. 1117.

*G. E. M. Pratt* and *Riddell, Brackett & Fowler,* for appellant.

*Herr, Bayley, Croson & Innis,* for respondent.

BEALS, J.—Defendant is a corporation engaged in a general finance business, and, among other activities, acts as agent or broker in procuring and making loans upon real estate.

Plaintiff, in her complaint, alleges that her assignor, Pearl H. Faurote, agreed with one O. R. Nicholson, an employee of defendant, that Mrs. Faurote should receive one per cent commission on the face of any loans made through defendant in which the borrower should have been introduced to defendant by Mrs. Faurote; that, after the making of this agreement, Mrs. Faurote (who will hereinafter be referred to as though she were the plaintiff and appellant herein) introduced one A. B. Love, who desired to borrow a considerable sum of money, to Mr. Nicholson; that thereafter defendant procured a loan for Mr. Love in the sum of $200,000 and that there became due to plaintiff as commission on account of the making of the loan to Mr. Love the sum of $2,000, for which amount plaintiff prayed for judgment. By its answer, defendant denied the allegations of plaintiff's complaint, and a trial of the action to the court sitting without a jury resulted in findings of fact and conclusions of law in favor of defendant, pursuant to which a judgment was entered dismissing the action, from which judgment this appeal is prosecuted.

Appellant assigns error upon the making of the findings of fact, conclusions of law and the judgment of dismissal and upon the denial of her motion for a new trial. Appellant also assigns error upon certain rulings of the trial court sustaining objections to questions propounded by appellant's counsel to appellant's

witness Nicholson, and to the refusal of the trial court to allow the introduction of certain testimony · in accordance with an offer of proof made by appellant.

It appears from the record that Mr. O. R. Nicholson was in the employ of respondent during the winter of 1928 and up to on or about January 1, 1929. According to respondent's testimony, respondent received a brokerage commission on account of procuring the loan to Mr. Love in the sum of $5,000, the loan having been actually made some time after Mr. Nicholson had ceased to be an employee of respondent. Two of respondent's officers testified that Mr. Nicholson had been employed by respondent in October, 1927, for the sole purpose of soliciting real estate loans, and that he was paid a monthly sàlary for his services.

Respondent contends that appellant failed to prove by the preponderance of the testimony that she made any agreement whatever with respondent which would entitle appellant to receive any brokerage or share of any commission earned by respondent in connection with the loan to Mr. Love. Upon this point, the trial court found:

"That plaintiff has failed to prove that defendant had agreed to pay Pearl H. Faurote one per cent commission on the face of any loans made by defendant in which the said Pearl H. Faurote should have put the said defendant in touch with the one to whom the loan was subsequently made and that no such agreement was made by defendant with said Pearl H. Faurote; that plaintiff has failed to prove that said O. R. Nicholson had any authority, actual or apparent, to enter into any such agreement on behalf of defendant and that under the evidence it is affirmatively established that in truth and in fact said O. R. Nicholson had no such authority, actual or apparent."

Respondent also argues that the evidence shows that Mr. Nicholson had no authority to incur any indebted-

ness on behalf of respondent, and that any agreement which he may have made with appellant, if any such was made, was beyond both his real and apparent authority, was never brought to the knowledge of or ratified by respondent, and was not binding upon it.

The finding of the court above quoted is to the effect that no agreement was ever entered into between appellant and *respondent*. The question as to whether or not Mr. Nicholson had apparent authority to make any such agreement is a question of law to be determined from the evidence, rather than a question to be determined by a finding of fact. We are satisfied that, from the record, it must be held that some agreement was made between appellant and Mr. Nicholson whereby, in certain events, appellant was to receive brokerage or a share of any commission which might be earned by respondent.

The questions of Mr. Nicholson's authority to bind respondent and respondent's liability to appellant must next be considered. We are satisfied, from an examination of the record, that appellant actually brought Mr. Love as a prospective borrower to respondent's office. It is equally clear that the loan which respondent, as broker, caused to be made to Mr. Love was completed after Mr. Nicholson had left respondent's employ. The first question to be considered is, did the trial court err in sustaining objections to questions propounded by appellant to witness Nicholson and in ruling against an offer of proof made by appellant's counsel?

In the course of the examination of Mr. Nicholson, sworn as a witness on appellant's behalf, appellant's counsel asked the witness: ''Did you make a contract on any other loans to pay commissions?'' Objections to this and other similar questions were sustained by the trial court. Appellant's counsel then offered to

prove by the witness Nicholson that the witness, while in respondent's employ, was in charge of the real estate loan department and that it was his duty to secure loans for respondent; that, in the course of his employment, he invited brokers to submit loans to him, offering to pay a commission or brokerage in case a loan should be made through respondent to a client of the broker to whom the offer was made; and *that such brokerage had been paid by respondent to brokers who had dealt with the witness.*

The trial court erred in sustaining objections to this line of testimony. Respondent contended that the witness Nicholson had no real or apparent authority to make such an agreement with appellant. The testimony rejected by the trial court, while irrelevant and immaterial in so far as the question of whether or not any contract was in fact made between Mr. Nicholson and appellant, was relevant upon the issue as to whether or not Mr. Nicholson had real or apparent authority to make such an agreement. Respondent urges that there was no attempt to show that appellant knew of any of the alleged transactions between Mr. Nicholson and respondent, on the one hand, and different brokers, on the other, or that appellant was in any manner influenced or induced by any transactions to believe that Mr. Nicholson had authority to make any contract with her. As above stated, however, we believe that the testimony was competent and relevant on the question as to what Mr. Nicholson's authority in fact was. If appellant could prove that Mr. Nicholson had made with other brokers contracts to pay them brokerage on loans made by respondent to prospective borrowers introduced to respondent by such brokers, and that respondent had recognized such contracts and paid the brokerage, appellant should have been allowed to produce such testimony.

We cannot, of course, pass in advance upon questions which may arise upon the retrial of this action in connection with testimony which may be offered by appellant along the line above referred to, but we do hold that appellant's offer includes testimony which would be both competent and material on the question of Mr. Nicholson's real or apparent authority to bind respondent.

The judgment appealed from is reversed with instructions to the trial court to grant appellant's motion for a new trial.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.

